

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 24, 1959

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-576

Re: May an independent
school district le-
gally expend its
local funds (Article
2827) for the costs
or charges incident
to the televising of
the meetings of its
Board of Trustees.

Dear Mr. Edgar:

        This office is in receipt of your recent letter in which you have
asked the above question.

        Article 2827, Vernon's Civil Statutes, enumerates several pur-
poses for which school funds may be used, and concludes the list with the
following phrase:

        ". . . and for other purposes necessary in the conduct of the
    public schools to be determined by the Board of Trustees . . ."

        This office, upon several occasions, has construed this phrase of
Article 2827; however, the most acceptable and clear-cut construction is
found in Attorney General's Opinion No. 0-1722, by James P. Hart, in which
it was held:

        "It is true that Article 2827 prescribes that local school
    funds may be used 'for other purposes necessary in the conduct of
    the public schools to be determined by the Board of Trustees.'
    Under this provision of the law, it has been held that the Board
    of Trustees may, within certain limits, exercise a discretion as
    to the purposes for which the public free school funds may be ex-
    pended. Moseley v. City of Dallas, 17 S.W. (2d) 36 (Commission
    of Appeals.)

        "We believe, however, that the school board is limited in the
    exercise of its discretion to 'purposes necessary in the conduct
    of the public schools', and that the purposes which are set out in
    your questions do not come within the statutory provisions. There
    is nothing to indicate that the existence of the state-wide

organization of school trustees or their meetings in state-
wide conventions is necessary in the conduct of the public
schools. As you state in your letter, there is no statutory
authority for the creation of a state organization of local
school board members, and there is no statutory requirement
that they belong to such an organization. Whatever benefit
might accrue to the schools through the membership of the
school trustees in the state-wide organization or their at-
tendance upon state-wide meetings, would be remote and in-
direct. We are therefore of the opinion that the local school
board cannot lawfully use school funds to pay the membership
dues of the members of the local board in the state organi-
zation, nor can the local school board lawfully use school
funds to pay the expenses of the local board members incident
to and incurred by them in their attendance upon meetings
of the state organization."

The Board of Trustees should be commended for their efforts
in attempting to inform the public of their activities, and should be
urged to endeavor to accomplish this result by some lawful means,
however, it is the opinion of this office that the expenditure of
school funds to pay for the televising of meetings of the Board of
Trustees is neither authorized nor permitted by Article 2827.

## SUMMARY

Article 2827 does not give an independent
school district the authority to use school
funds to pay for the cost of televising the
meetings of the Board of Trustees.

Very truly yours,

WILL WILSON
Attorney General of Texas

John L. Estes
Assistant

JE:rm:me

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Jot Hodges, Jr.
Grundy Williams
Grady H. Chandler
Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
By W. V. Geppert